LAWRENCE O'CONNOR, Respondent, *against* ANDREAS H. GOURAUD, Appellant.

(Decided December 6th, 1886.)

In an action for rent of a store, defendant set up a counterclaim for damages to his goods from an alleged failure of plaintiff to perform his covenant to " make all necessary repairs." The evidence showed that plaintiff was requested to repair the premises, which he did; that no complaint was made by defendant as to the manner in which the repairs were made; that, five months thereafter, a severe rain storm occurred, following a long frost, when a leak in the roof was discovered at a place to which defendant claimed he had called plaintiff's attention. It appeared that plaintiff sent a mechanic to make repairs upon each occasion when he was notified, and that he insisted upon a guaranty from the roofer who repaired the roof that it was good for two years. *Held*, that no failure to perform the covenant was shown.

APPEAL from a judgment of the General Term of the City Court of New York reversing a judgment entered by direction of the court, setting aside a verdict rendered subject to the opinion of the court.

The facts are stated in the opinion.

*Henry H. Sackett*, for appellant.

*Ed. Goldschmidt*, for respondent.

LARREMORE, Ch. J. — The action was brought upon a written lease, to recover a balance of rent which was admitted to have been unpaid. Plaintiff's claim was resisted upon the ground that in the lease executed by him he had agreed " to make all necessary repairs " to the building; that he had failed to perform his covenant in this respect, and negligently allowed the roof of the building demised to become unsecure and leaky, in consequence of which the rain flowed through it and damaged the defendant's goods, as he alleged, to the extent of eighty-four dollars, which last named amount he counterclaimed against the rent.

O'Connor *v.* Gouraud.

It appears from the testimony that the plaintiff was requested to repair the premises, which he did; that no complaint or objection was made by the defendant as to the manner in which the repairs were made, but that, some five months after the repairs had been made, a severe rain storm occurred, following a prolonged frost, when a leak in the roof was discovered, at a place to which defendant claims he called the plaintiff's attention.

I do not find from the testimony that the plaintiff failed or refused to perform his covenant. He sent a mechanic to make repairs upon each occasion when he was notified. He even insisted upon a guaranty from the roofer that the roof was good for two years.

The court, in the first instance, directed a verdict for plaintiff, subject to its further opinion, under the provision of section 1158 of the Code of Civil Procedure, and subsequently set aside the verdict and directed judgment for the defendant.

This judgment was reversed by the General Term of the City Court, and from its order this appeal is taken.

Under the covenant in the lease in question, the authorities seem to agree that damages for its breach must be those which were contemplated or may be reasonably supposed to have entered into the contemplation of the parties at the time of the contract. If the landlord fails to repair agreeably to his covenant, the tenant may make the repairs at the landlord's expense and charge him with the diminished value of the premises in consequence of the want of it (*Myers* v. *Bruns*, 35 N. Y. 269; *Cook* v. *Soulé*, 56 N. Y. 420).

The learned counsel for the appellant claimed that, because the rain came in and damaged his goods, he was entitled to recover the amount of the loss from the landlord without regard to what it would have cost to make the repairs, or, as was stated in the opinion of the General Term, by McADAM, Ch. J., " If the repairs, *i.e.*, stopping a leak, might have been made at the cost of one dollar, the tenant may leave it undone and charge the landlord what-

ever damage the rain may in consequence do to his goods, without limit to the amount."

A tenant cannot neglect reasonable efforts to protect himself and his landlord from injury and loss; nor can he reap any advantage from his own negligence.

It is not claimed on the part of the defense that the repairs were negligently made by the landlord; but that he failed and neglected to perform his covenant. This distinguishes the case at bar from *Walker* v. *Swayzee* (3 Abb. Pr. 138), where the defendant undertook to make repairs, which were done in an insufficient and improper manner, and where damages were allowed on the ground of negligence on the part of the landlord.

The judgment appealed from should be affirmed, with costs.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment affirmed, with costs.